FILED
HARRISBURG, PA

APR 0

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

1  Plaintiff Is A Federal Prisoner Appearing
   Pro Se And In Forma Pauperis:
2

3  VICTOR ORTEGA
   Federal Prisoner #60706-066
4  FCI-Terminal Island Medical Center
   P.O.B. 3007
5  San Pedro, CA  90731+0207

6

7

8                    UNITED STATES DISTRICT COURT

9                  MIDDLE DISTRICT OF PENNSYLVANIA

10

11 VICTOR ORTEGA,                      | Case No. 3:13-CV-860
12         Plaintiff, Pro Se,          |
                                       | VERIFIED COMPLAINT FOR
13                                     | DAMAGES PURSUANT UNITED
                                       | STATES FEDERAL TORT CLAIMS
14                                     | ACT AND BIVENS v. SIX
                                       | UNKNOWN FEDERAL NARCOTICS
15 v.                                  | AGENTS
16

17

18 UNITED STATES OF AMERICA;

19 H.L. HUFFORD, Warden;

   MR. CASTANEDA, Associate Warden;
20 MR. C. BRANDT, Lieutenant;

21 DR. WEBB, Physician;

22 MR. BOYER, Physician's Assistant;

   UNKNOWN NAMED CAPTAIN OF SECURITY
23

24

25

26

27

28

## JURISDICTION AND VENUE

1. This Court has Jurisdiction pursuant the Federal Question Statute Title 28 Section 1331 of the United States Federal Code and the First and Eighth Amendment of the United States Constitution and under the Federal Tort Claims Act.

2. This Court is the proper venue for this action because all relevant violations of the United States Constitution, state and federal statutes, codes and regulations and violations of nondiscretionary polices and procedures all occurred at the Federal Corrections Institution Schuylkill, which is located within the Middle District of Pennsylvania, the venue of this honorbale Court.

## AGENCY AND ADMINISTRATIVE NOTIFICATIONS

3. The Plaintiff has complied with all prerequsities to a suit under the Federal Tort Claims Act ("FTCA") and all other institutional administrative notices as were made available under the Prisoner Litigation Reform Act ("PLRA").

4. Plaintiff timely filed adminsitrative claim for the matters in dispute in this action with the United States Agency Federal Bureau of Prisons.

5. The Defendants, by and through its Agency denied all Plaintiff's administrative claims and mailed its notice of denial to Plaintiff.

6. This action was timely commenced following denial of administrative claims.

## PARTIES

### PLAINTIFF:

7. The Plaintiff named and referrence herein and hereafter is a federal prisoner proceeding Pro Se and In Forma Pauperis currently confined at Terminal Island Federal Correctional Institution and Medcial Center, P.O.B. 3007, San Pedro, CA 90731+0207.

> VICT0R ORTGEA, Plaintiff
> Federal Prisoner  #60706-066
> FCI-Terminal Island Medical Center
> P.O.Box 3007
> San Pedro, CA   90731+0207

### DEFENDANTS:

8. Defendant UNITED STATES OF AMERICA is sued under the Federal Tort Claims Act of violations of the Federal Codes of Regulations and violations of nondiscreationary polices and procedures of the Bureau of Prisons through acts of negligence and omissions by the employees of the United States Bureau of Prisons operating under the Department of Justice, an agency of the Defendant United States of America in their OFFICIAL CAPACITIES.

> DEFENDANT ENTITY UNITED STATES OF AMERICA
> General Counsel for Entity-Defendant United States
> Attorney General Eric Holder
> Department of Justice
> Washington, DC
> 20534
>
> United States Attorney
> Middle District of Pennsylvania
> Federal Building
> 228 Walnut Street, Harrisurg, PA 17108

-2-

9. Defendant Warden, MR. E.L. HUFFURD was at all relevant times an employee and executive officer of the United States Bureau of Prisons, under the Department of Justice, an agency of the United States of America, operating at FCI-Schuylkill, Interstate 81 & 901 West Minersville, Pennsylvania 17954. Defendant HUFFORD is sued in his **Official Capacity** and his **Individual Capacity.**

10. Defendant Associate Warden MR. CASTANEDA was at all relevalnt times an emplo yee and executive officer of the United Staes Bureau of Prisons, under the Department of Justice, an agency of the Defendant United States of America, operating at FCI-Schuylkill, Interstate 81 & 901 West Minersville, Pennsylvania 17054. Defendant CASTANEDA is sued in his **Official Capacity** and his **Individual Capacity.**

11. Defendant Operations Lieutenant MR. C. BRANDT was at all relevant times an employee and senior security of the United States Bureau of Prisons, under the Department of Justice an agenscy of the Defendant Untied States of America, operating at FCI-Schuylkill, Interstate 81 & 901 West Minersville, Pennsylvania 17954. Defendant BRANDT is sued in his **Official Capacity** and his **Individual Capacity.**

12. Defendant Physician DR. WEBB was at all relevant times an employee of the United States Bureau of Prisons, under the Department of Justice, an agency of the Defendant United States of America, operating at FCI-Schuylkill, Interstate 81 & 901 West Minersville, Pennsylvania 17954. Defendant WEBB is sue in his OFficial Capacity and his **Individual Capacity.**

13. Defendant UNKNOWN NAMED CAPTIAN of SECURITY was at all relevlant times an employee security executive officer of the United States Bureau of Prisons, under the Department of Justice, an agency of the United States of America, operating at FCI-SChuylkill, Interstate 81 & 901 West Minersville, Pennsylvania 17954. UKNOWN NAMED CAPTAIN of SECURITY is sued in his **Official Capacity** and his **Individual Capacity.**

13a. Plaintiff's attempts to acquire Defendant UNKNOWN NAMED CAPTAIN of SECURITY was thwarted by SHU Security Staff using deceptive and deceitful methods, i.e., providing false names, dening the relevant Defendant as not being the Captain or Schuylkill does not have a Captain of Security. Plaintiff will Motion the Court at the time of sService of Process to have the USM Service investigate and acquire the identity of the Defendant UNKNOWN NAMED CAPTAIN of SECURITY.

-4-

## IV. PLAINTIFF'S POSTURE IN SUIT

14. Plaintiff Victor Ortega (hereafter "Plaintiff" or "Ortega") brings compound suit against the United States of America for negligent acts and omissions by its employees while acting in their Official Capacity during the course of their employment as prison officials for the Federal Bureau of Prisons ("BOP") pursuant the FTCA.

15. Additionally, Plaintiff brings simultaneous action in this instant suit under Bivens v. Six Unknown Federal Narcotics Agents ("Bivens") for violations of the First and Eighth Amendment of the Constitution by the Defendants, other than the United States, while acting under color of law.

### V. GENERAL HISTORIC AND CURRENT FACTS IN SUPPORT OF PLAINTIFF'S ACTION

16. Core  controversy in case surrounds Ortega being confined in the Special Housing Unit ("SHU") at Schuylkill Federal Corrections Institution ("Schuylkill") under conditions of confinement that clearly violated nondiscretionary BOP policies, mandatory performance standards and specific directives.

17. It has long been documented through historical records of administrative and civil rights complaint that Schuylkill's SHU is maintained in a manner that is egergeously overcrowded, while SHU confined inmates are housed for several months in "Day-cells" without bunks, thus being compelled to sleep on the floor for months without proper bedding or mattress.

18. Moreover, its widely known as a long held impermissible policy that FCI-Schuylkill officials would routinely imprison SHU confined inmates in bunkless "Day-Cells" for months causing the SHU confined inmates to sleep on cement flooring without mattress or bedding and denial of one hour daily exercise period.

19. Regardless of the highly restrictive and deficient Day-Cells Schulylkill officials would continue to install and house SHU inmates in bunkless Day-Cells for as long as one year.

20. Furthermore, Schuylkill officials not only would install SHU confined inmates in these "Holding-Type" cells for extraordinary lengths of time, but would also compress **4 inmates** into these **10 x 12 foot** bunkless holding-type SHU day-cells for months.

21. Bunkless Holding-Day-cells used in negligent violation of BOP policies were and are currently reserved for Schuylkill's Minimum Security ("Prison Camp" or "Camp") disciplinary offenders or administrative detention inmates. This stands in stark contrast to the SHU's treatment of Medium Security prisoners from Schuylkill's main prison, which all have appropriate bunks and are populated as 2-man cells. Schuylkill officials and SHU security staff openly admit, even boast, of this deliberately imposed disparity between Camp and Medium Security inmates. Camp inmates were almost invariably transferred to other prison institutions, often at great distances and would most likely not seek redress in suit over gross conditions of SHU confinement.

22. Respecting Medium Security inmates, Schuylkill officials were and are fearful of subjecting higher security prisoners to such extreme abuses of overcrowding and lack of bedding and being compelled to sleep on cement flooring for several months.

-6-

23. It is well known by Schuylkill inmates at both the CAMP and the Medium-Security Prison Complex that officials are very fearful if they were to subject the higher security inmates to such extreme SHU deprivations upon release they may seek physical vengence upon the offending officers or prison staff in general implicating possible inmate-on-staff retiribution.

24. On the other hand, CAMP inmates invariable have a much lower security status and the likelihood of prisoner-on-staff backlash stemming from gross deprivations and overt threatening treatment is highly remote. Thus FCI-Schuylkill, as a prison, have historically created a colored policy of subjecting CAMP or Minimum Security Inmates confined in SHU under conditions that violated well-estabished mandatory policy standards, post directives, codes of federal regulations and required BOP program statements, as well, violating the Constitution.

25. The action brought in suit by Plaintiff alleges that the historical practices, as cited above, were wrongfully and actionably imposed upon Plaintiff Victor Ortega.

### VI. PLAINTIFF'S DEFINITIVE STATEMENT OF THE FACTUAL ALLEGATIONS

26. From on or about July 03, 2011 through January 03, 2012, Plaintiff was continuously imprisoned in Schuylkill's SHU under 24-hour lockdown in overcrowded bunkless Day-type Holding-cell conditions for a period lasting nearly 6 months.

27. As a direct result of Plaintiff being confined in SHU cells without bunks, he was compelled to take rest periods and sleep on a substandard one-inch mat-like floor pad daily.

28.   On numerous occasions during Plaintiff's confinement in the SHU from early July 2011 through January 2012, Plaintiff directly complained to Defendants' Warden Mr. H.L. HUFFORD and Associate Warden Mr. CASTANEDA that continuous confinement in bunkless SHU cells compelled Plaintiff to sit, sleep and rest on cement tile cell floor were extreme violations of BOP policies.

29.   During the course of Plaintiff's SHU imprisonment, he repeatedly informed Defendants' HUFFORD and CASTANEDA, during the course of those Defendants periodic cell-by-cell inspection of the SHU Complex, being forced to sleep every night on the cell floor was seriously and needlessly aggravating his well-known medical condition relating to Plaintiff's compressed spinal disc, poor lower-body circulation, severe sciatica and acute neuropathy.

30.   During those numerous encounters with HUFFORD and CASTANEDA, Plainitff was routinely denied his requests to be reassinged to a SHU-cell properly equiped with a bunk, even though Plaintiff informed HUFFORD and CASTANEDA that his spinal condition was worsening. Plaintiff made clear to HUFFORD and CASTANEDA that he was having ever greater difficulty walking about the SHU-cell and his pain had increased dramatically over the first few weeks from having to sleep nightly on cell floor.

31.   Furthermore, HUFRORD and CASTANEDA denied Plaintiff to be provided with a proper mattress. Instead, Plaintiff was given only a one-inch mat-like pad for the entire term of his SHU confinement on which to sit, sleep and rest.

32.   Moreover, Defendants' <u>HUFFORD and CASTANEDA</u> refused to provide Plaintiff with an additional floor mat on which to sleep for Plaintiff's entire  term of SHU incarceration.

33.  As similar to the bedding requests Plaintiff petitioned <u>HUUFORD and CASTANEDA</u>, Plaintiff requested on numerous occasions directly to appropriate medical staff for additional bedding citing his well-established medical record reflecting history of spinal disc compression pain, sciatica, neuropathy and loss of circulation, numbness and sharpe pain in legs and feet.

34.   Plaintiff notified Schuylkill's Institutional Physician, <u>Defendant Dr. WEBB</u> and Physician Assistant, <u>Defendant Mr. BOYER</u>, that he was suffering significant and alarming  increase of pain throughout his spine and legs caused by being forced to sleep on cement tile SHU floor.

35.  Despite Plainitff's numerous and increasingly urgent medical requests to <u>Defendants'  Dr. WEBB and Mr. BOYER</u> from July 2011 to January 2012, those Defendants also refused to provide Plaintiff with additional medical bedding or be assigned  to a cell with proper bunk and mattress, even though Plaintiff clearly evidenced his medical condition was becoming acutely symptomatic and experiencing agonizing pain levels. Instead, <u>Defendants' WEBB and BOYER</u> prescribed medications, stating Plaintiff would have to endure the source cause of his medical deterioration: Being forced to  sleep on the SHU-cell floor on a one-inch mat. <u>Defendants' WEBB and BOYER</u> openly recognized, by their own medical assessments, Plaintiff's serious medical

condition was being aggravated by months of bunkless SHU-cell confinement.

36. Defendants' WEBB and BOYER stated Plaintiff's medical issuses were in keeping with many other previous inmate complaints concerning long termed bunkless SHU-cell confinement.

37. In addition to Plaintiff's numerous complaints to Defendants' HUFFORD, CASTANEDA, WEBB and BOYER, he also complained and petitioned to SHU security staff and custody officers that Plaintiff was in dire need of placement into a SHU-cell that was properly equiped with a bunk and mattress. SHU Operation's Lieutenant Mr. C. BRANDT, repeatedly refused to relocate Plaintiff to an appropriately equiped SHU-cell with bunk and mattress even though Defendant BRANDT regularly observed and was informed by SHU-custody staff Plaintiff was in terrible spinal pain and lodging pleas for relief to various SHU staff.

38. Defendant BRANDT not only refused to place Plaintiff into a SHU-cell with proper bunk and mattress, BRANDT let it be known that the bunkless SHU-cells were reserved specifically for inmates from Schuylkill's Minimum Security CAMP. BRANDT stated, as was widely known and reported by staff, it was an institutional policy to maintain certain limited number of SHU cells purposefully without bunks and to be kept overcrowded for the exclusive use to impose upon CAMP inmates confined in SHU.

39. While confined in the SHU, Plaintiff discovered through SHU-staff and inmates, that from the time of Schuylkill's construction in or around 1992, it was initially intended to install multiple bunks in the assigned Day-cells like the one that held Plaintiff. But it was decided by the original and successive prison administrators not to install bunks into certain cells, thereby permanently designating them as Day-cells or Holding-cells, when in fact those cells were used form long termed housing for SHU inmates from Schuylkill's CAMP facility.

40. As Plaintiff's physical and emotional condition worsened he continued to complain to Defendants' HUFFURD, CASTANEDA, BRANDT, WEBB and BOYER. In fact, these Defendants either personally observed or where intimately aware of Plaintiff's physical pain and suffering by the unique placement of the SHU Day-cells directly adjacent to the SHU's Officer Station in where the Defendants and SHU security staff could view into Plaintiff's Day-cell through a large observation window.

41. SHU staff regularly viewed Plaintiff in varying states of severe distress while attempting to sit, sleep and rest on his one-inch floor mat. Furthermore, either Defendants or their immediate subordinates clearly observed Plaintiff having difficulty stabilizing himself while urinating and at times of his bowel movements via the Day-cell to Officer Station obervation window.

-11-

1    42. After several attempts by Plaintiff to address his

2 serious medical concerns through Defendants' <u>HUFFORD, CASTANEDA,</u>

3 <u>BRANDT,WEBB AND BOYER</u> to no avail, Plaintiff began requesting

4 administrative remedy form to formalize his grievences. Numerous

5 requests for adminsitrative remedy were made to the above named

6 Defendants without issuance of remedy forms.

7    43. From about August 2011 through January 2012, Plaintiff

8 repeatedly and increasingly complained to the named Defendants and

9 various SHU security staff that his requests for grievence forms

10 were not being provided, Plaintiff was threatened and harassed by

11 SHU staff. Specifically, SHU staff told Plaintiff to, "Shut his

12 fucking mouth" concerning his "Bullshit whinning" over SHU

13 conditions. to <u>Defendants: HUFFORD, CASTANEDA, BRANDT, WEBB, BOYER</u>

14    44. Since Plaintiff Ortega is of Hispanic heritage SHU

15 security referred to Plaintiff as a "Spic" and "Greasball" and

16 if he kept whinning he would not be afforded his one-hour daily

17 recreation period. Defendants were very aware that Plaintiff was

18 in ever increasing need for his daily one-hour exercise period

19 to mitigate his degenerative medical condition brought on by

20 gross "Hard-cell" bunkless SHU conditions without mattress.

21    45. As Plaintiff's physical and emotional conditions worsened

22 and requests for adminsitrative forms uniformly deined, Plaintiff

23 was deprived of his one-hour daily exercise period. Privation of

24 Plaintiff's daily exercise period was denied with prejudice,

25 punctuated with blunt statements by SHU security staff he would

26 no longer be receiving daily exercise hour because of his

27 continued said complaints to named Defendants over issues of

28                      -12-

1  Hard-cell bunkless SHU conditions and repeated remedy requests.

2       46. Spurred-on by retaliatory denial by SHU custody officers

3  of Plaintiff's Daily exercise hour because he was attempting

4  to formilize his grievence, Plaintiff verbally complained to

5  Defendants' HUFFORD, CASTANEDA, BRANDT, WEBB and BOYER that

6  Plaintiff was being retaliated against by SHU security staff

7  through categorical denial of daily exercise period. In fact,

8  Plaintiff specifically informed above named Defendants that he

9  had been denied daily exeroise hour for several weeks, and in

10 conjunction with Hard-cell confinement Plaintiff was experiencing

11 unbearable pain and he was in great fear of permanent spinal

12 and sciatic nerve damage as serious medical need of mattress.

13      47. Specifically, Defendants' HUFFORD and CASTANEDA stated

14 they were aware that Plaintiff required daily rec hour had been

15 reduced to once or twice per-month making generalized statements

16 nothing was unusual or unacceptable about Plaintiff privation

17 of daily recreation hour being curtailed to most twice per-month.

18 When Plaintiff explained to HUFFORD and CASTANEDA that loss of

19 daily rec was directly related to legitimate grievence over

20 bunkless Hard-cell and Plaintiff was being victimized and

21 retaliated against for bringing complaints and remedy requests.

22 Defendants stated circumstances Plainitff complained of were

23 typical of SHU confinement and such treatment was essentially

24 to be expected when placed in SHU. Similarly, Plaintiff was met

25 with same patent response disregarding Plaintiff's serious

26 medical needs over simple need of a proper  institutional issued

27 mattress.

28                          -13-

VII. <u>PLAINITFF'S DEFINITIVE FACTUAL ALLEGATIONS AGAINST</u>
<u>DEFENDANT UNKNOWN NAMED CAPTAIN OF SECURITY</u>

48. During Plaintiff's SHU confinement he raised objections by complaining directly to a Schuylkill security executive who identified himself as the "CAPTAIN" of the institution and was in charge of prison security operations overseeing SHU security management and SHU staff supervision.

49. On at least 3 occasions when <u>Defendant UNKNOWN NAMED</u> <u>CAPTAIN OF SECURITY</u> presented himself at Plaintiff's SHU cell door window <u>Defendant UNKNOWN NAMED CAPTAIN OF SECURITY</u> was informed by Plaintiff and other samed SHU cell occupants strenuously objecting  to long termed bunkless cell confinement.

50. <u>Defendant UNKNOWN  NAMED CAPTAIN OF SECURITY</u> confirmed that he was well-aware of the nature of Plaintiff's objections and requests for reliefs as common and typical of what he regularly hears SHU inmates concerning being forced to sleep, sit and rest on cell floor.  <u>UNKNOWN NAMED CAPTAIN</u> stated SHU conditions were in compliance with BOP standards and the SHU had been operating in the manner complained of for years.

51. <u>Defendant UNKNOWN NAMED CAPTAIN OF SECURITY</u> dismissed Plaintiff's serious  medical concerns along with other same cell inmates over bunkless long termed floor sleeping conditions. <u>UNKNOWN NAMED CAPTAIN's</u> rejection of Plaintiff's pleas and other cell inmates was blunt and curt, generally stating this is the way his SHU is run and if inmates don't like it they should avoid being placed into the SHU.

-14-

52. On issue of Plaintiff being denied daily one-hour exercise time as retribution and retaliation because Plaintiff was attempting to access administrative remedy program on issues of SHU grievence, UNKNOWN NAMED CAPTAIN OF SECURITY stated he or his SHU security staff were not required to provide any out-of-cell exercies time whatsoever and Plaintiff's grievance over bunkless cell confinement and prolonged denial of out-of-cell exercies was without merit verbally rejecting grievance of retaliation and retribution.

## VIII CLIAMS

53. Plaintiff realleges and incorporates by reference paragraphs 1-52 to establish the following CLAIMS against all named Defendants.

54. As a direct and proximate result of the actions and inactions from the Individual and Combined Negligence, Gross Negligence, Deliberate Indifference and Intentional Malicious acts by the Defendants, jointly and severally, as reference in paragraphs 1-52 caused Plaintiff to needlessly suffer physical and emotional pain and trauma caused by being forced to endure 6 months of sleeping, sitting and resting on cement tiled prison floor while confined in Schuylkill's SHU.

55. Plaintiff suffered from aggaravation of his well-known medical condition of compressed disc in Plaintiff's spine, acute sciatica, lack of circulation to his legs and neuropathy because Defendants categorically denied Plaintiff any form of proper bedding, medical bedding or bunk on which to sleep, sit and rest for nearly 6 months.

### COUNT I

CLAIMS AGAINST THE ENTITY UNITED STATES AND ENTITY'S EMPLOYEE-DEFENDANTS' IN THEIR OFFICIAL CAPACITY PURSUANT UNITED STATES TORT CLAIMS ACT (FTCA).

56.  By the wrongful actions, inactions and omissions of Schuylkill's Defendants' HUFFORD, CASTANEDA, BRANDT, WEBB, BOYER and UNKNOWN NAMED CAPTAIN OF SECURITY, while acting the scope of their employment, above named Defendants failed to maintain and implement mandatory and non-discretionary Prison Building codes, Codes of Federal Regulations, SHU Post Directives

1   requiring Named Defendants to timely implement and install basic

2   cell furnishings such as bunks, mattresses and bedding in SHU-

3   Cells when being used as long-termed confinement cells.

4   57.   Named Defendants negligently violated mandatory occupancy

5   codes in  the SHU by designating "Holding-type/ Day-cells" as

6   long termed confinement cells without providing proper mattresses,

7   bunks and bedding causing Plaintiff to be irreparably harmed.

8   Plaintiff suffers from continued injury from 6-month negligent

9   SHU confinement. Plaintiff's SHU aggravated spinal disc forces

10  him to walk with a cane; is in constant back and sciatic pain,

11  resulting in significant loss of mobility and emotional distress.

12  58. Pursuant the Federal Tort Claims Act, <u>Defendant UNITED STATES</u>

13  <u>OF AMERICA</u> is liable for the above cited negligent violations of

14  duty to perform in accordance with mandatory  regulations by its

15  Employee-Defendants while acting in their OFFICIAL CAPACITY.

16                          **COUNT II**

17          <u>FIRST AMENDMENT CONSTITUTIONAL CLAIMS AGAINST</u>

18          <u>INDIVIDUAL-DEFENDANTS (BIVENS ACITON)</u>

19   59.   The deliberately indifferent actions and inaction of the

20  <u>INDIVIDUAL-DEFENDANTS' HUFFORD, CASTANEDA, BRANDT and UNKNOWN</u>

21  <u>NAMED CAPATAIN OF SECURITY</u> allowed SHU Security staff to harass,

22  threaten, intimidate and retaliate against Plaintiff during the

23  time of his SHU confinement because he was attempting to access

24  administrative remedy on grievance of gross SHU condition for

25  denial of proper mattress and being housed long termed in bunkless

26  SHU-cell.

27

28                          -17-

60.  Specifically, Plaintiff was repeatedly denied with consistant regularity his rightful access to one-hour daily outside SHU cell recreation. Repeated denial of daily rec hour by SHU Security Staff was usually asssociate with clear statements by SHU officers that Plainitff was deliberately being denied rec-hour because of his continued complaints to Individual Defendants' HUFFORD, CASTANEDA, BRANDT, WEBB, BOYER and CAPATAIN OF SECURITY.

61.  When Plaintiff further complained to HUFFORD, CASTANEDA, BRANDT and UNKNOWN NAMED CAPTAIN OF SECURITY SHU Security Staff were threatening and retaliating against Plaintiff by dening him rec-hour with continued denial of bunkless cell without proper mattress causing Plaintiff to suffer needlessly, above named Individual-Defendants refused to order SHU Security Staff to cease their impermissible conduct and allow Plaintiff clear access to administrative remedy free from ongoing retribution.

62.  Plaintiff was denied daily one-hour rec with ever increasing hostility by SHU-Security Staff for period of at least 5 months. Staff hostilities towards Plaintiff were explicity and implicitly punctuated with commentary referencing Plaintiff's continued reports and complaints to Defendnats' CASTANEDA, BRANDT and UNKNOWN NAMED CAPTAIN OF SECURITY  and HUFFORD was  reason for denial of daily exercise hour .

63.  The deliberate indifference by Individual-Defendants' HUFFORD, CASTANEDA, BRANDT and UNKNOWN NAMED CAPTAIN OF SECURITY to all

1   allowing SHU Security Staff to retaliate against Plaintiff for

2   engaging in protected by atttempting to access administrative

3   grievence forms violated Plaintiff's First Amendment Right. By

4   doing so Defendants' HUFFORD, CASTANEDA, BRANDT and UNKNOWN

5   NAMED CAPTAIN OF SECURITY are liable jointly and severally to

6   Plaintiff for willful violations of the Constitution.

**COUNT III**

CONSPIRACY TO VIOLATE FIRST AMENDMENT CLAIMS
AGAINST INDIVIDUAL-DEFENDANTS (BIVENS CLAIMS)

64.   The intentional actions and inactions by Individual-
Defendants' HUFFORD, CASTANEDA, BOYER and UNKNOWN NAMED CAPTAIN
OF SECURITY demonstrates  a well-coordinated, comprehensive and
organized plan of action to systematically suppress, by unlawful
means, Plaintiff's right to access administrative remedy program
while  being subject to long termed retaliation and retribution
on issue of gross condition of SHU confinement reflects an
enterprizing "meeting of the minds", violate Plaintiff's First
Amendment Right. By doing so, Individual-Defendants are liable
to Plaintiff for conspiracy to  violate his First Amendment
Constitutional Right.

**COUNT IV**

EIGHTH AMENDMENT CONSTITUTIONAL CLAIMS AGAINST
INDIVIDUAL-DEFENDANTS (BIVENS ACTION)

65.  The deliberate indifference towards Plaintiff's serious
medical needs caused by gross and outrageous conditions of SHU
confinement that ofrced Plaintiff to sit, sleep and rest on SHU
floor for nearly 6 months aggravating Plainitiff's well-known
medical condition Indiuudual-Defendants' HUFFORD, CASTANEDA,

-19-

1  BRANDT, WEBB, BOYER and UNKNOWN NAMED CAPATAIN OF SECURITY, are

2  liable to Plaintiff, jointly and severally, for violating

3  Plaintiff's Eighth Amendment Right to be free cruel and unusual

4  punishment.

### COUNT V

6  CONSPIRACY TO VIOLATE PLAINITFF'S EIGHTH AMENDMENT
7  CLAIMS AGAINST INDIVIDUAL-DEFENDANTS' (BIVENS ACTION)

8  66.  The intentional action and inactions by Individual-

9  Defendants' HUFFORD, CASTANEDA, BRANDT and UNKNOWN NAMED CAPTAIN

10 OF SECURITY as set forth and referenced demonstrates that the

11 above nanmed Individual-Defendants have historically maintained a

12 well-organinzed, coorodinated and comprehensive plan to

13 systematically and purposefully create, implement and maintain

14 bunkless SHU cells for long termed disciplinary and administrative

15 segragation to exact cruel and unusual punishment in which

16 Plaintiff was subjected to for 6 months during Plaintiff's SHU

17 confinement.

18  67.  By placing Plaintiff in Bunkless SHU cells with the well-

19 designed intent to force Plaintiff to sit, sleep and rest on a

20 one-inch thin floor mat knowing it would cause Plaintiff physical

21 and emotional agony, the above named Individual-Defendants are

22 liable to Plaintiff, jointly and severally, for Conspiracy to

23 violate Plaintiff's Eighth Amendment Constitutional right to be

24 free from Cruel and Unusual Punishment.

## COUNT VI

INDIVIDUAL-DEFENDANTS' FAILURE TO PREVENT CONSPIRACY TO
VIOLATE PLAINTIFF'S FIRST AMENDMENT RIGHT

68. Individual-Defendants' HUFFORD, CASTANEDA and UNKNOWN
NAMED CAPTAIN OF SECURITY repeated failure to prevent ongoing
retaliation and retribution against Plaintiff because Plaintiff
continued to complain  to above named Individual-Defendants that
long termed bunkless SHU cells forced Plaintiff to sit, sleep and
rest on cell floor causing Plaintiff to suffer needlessly.

69. Specifically, HUFFORD, CASTANEDA and UNKNOWN NAMED CAPTAIN
OF SECURITY knew Plaintiff was being systematically denied one-
hour daily rec period for 5 months because Plaintiff was regularly
attempting to access  formal administrative remedy forms, in
addition to Plaintiff's continuous verbal complaints to above
named Individual-Defendants that retaliation was ongoing.

70. Named Defendants knew of the well-coordianted and
consistant nature of Defendants' immediate subordinates carrying
out illegal retaliation and retribution within the ranks of SHU
Security Staff.

71. Furthermore, HUFFORD, CASTANEDA and UNKNOWN NAMED CAPTAIN
OF SECURITY knew that Plaintiff was be confined in a bunlkless
SHU cell therby forced to sit, sleep and rest on cell floor 24
hours per day and Plaintiff was being kept confined under those
SHU conditions as continued retaliation and retribution because
he peresisted in his complaints verbally and was attempting to
access  administrative remedy forms on grievence of bunkless SHU
conditions.

-21-

72.  By HUFFORD, CASTANEDA and UNKNOWN NAMED CAPTAIN OF
SECURITY repeated failure to intervene and prevent ongoing
illegal retaliation by imposing their authority to do so, are
Liable to Plaintiff, jointly and severally, for failure to
prevent a Conspiracy to Violate Plaintiff's First Amendment
Right to be free from retaliation and retribution because he
was attempting to access administrative remedy for grievence on
issues of gross SHU conditions of confinement, bunkless cells
and denial of one-hour daily exercise hour.

### COUNT VII

### INDIVIDUAL-DEFENDANTS' FAILURE TO PREVENT CONSPIRACY TO VIOLATE PLAINTIFF'S EIGHTH AMENDMENT RIGHT

73.  Individual-Defendants' HUFFORD, CASTANEDA and UNKNOWN
NAMED CAPTAIN OF SECURITY repeated failure to intervene and
prevent the well-coordinated, comprehensive and well-organized
long termed policy to systematically place Plaintiff, as a
Minimum Security CAMP inmate, into bunkless SHU cells for
long termed confinement by intentional design forcing Plaintiff
to sit, sleep and rest on cell floor 24 hours per day while
knowing that such policy and grossly deficient cell design
would cause Plainitff physical and emotional agony resulting
in Plaintiff being irreparably harmed. By above named Individual
Defendants doing so are Liable to Plaintiff for Failure to
Intervene and Prevent an ongoing Conspiracy to Violate
Plaintiff's Eighth Amendment right to be free from cruel and
unusual punishment.

# PRAYER FOR RELIEF

74. Plaintiff makes Prayer for **JURY DEMAND.**

75. RELIEF FOR **COMPENSATORY DAMAGES** (FTCA)

**A.** On CLAIMS pled in COUNT I, paragraphs 56-58, the Court find the Entity-Defendant UNITED STATES of AMERICA liable to Plaitiff Ortega for the negligent actions, inactions and omissions by Entity's Employee-Defendants' HUFFORD, CASTANEDA, BRANDT, WEBB, BOYER and UNKNOWN NAMED CAPTAIN of SECURITY under the laws governing the Federal Tort Claims Act, and enter Judgment against Defendant UNITED STATES in favor of Plaintiff for COMPENSATORY DAMAGES of **$500,000.00.**

76. RELIEF FOR **PUNITIVE** AND **COMPENSATORY DAMAGES** (BIVENS)

**A.** On CLAIMS pled in COUNT II, paragraphs 59-63, the Court find the Individual-Defendants' HUFFORD, CASTANEDA, BRANDT and UNKNOWN NAMED CAPTAIN of SECUITY liable to Plaintiff Ortega for violations of Plaintiff's First Amendment Constitutional right in the PUNITITVE and COMPENSATORY amounts to be determined by a JURY.

**B.** On CLAIMS pled in COUNT III, paragraph 64, the Court find the Individual-Defendants' HUFFORD, CASTANEDA, BRANDT and UNKNOWN NAMED CAPTAIN of SECURITY liable to Plaintiff Ortega for Conspiracy to Violate Plaintiff Ortega's First Amndment Rights in the PUNITIVE and COMPENSATORY amounts to be determined by a JURY.

    **C.** On CLAIMS pled in <u>COUNT IV</u>, paragraph 65, the Court find the <u>Individual-Defendants' HUFFORD, CASTANEDA, BRANDT, WEBB,</u> <u>BOYER and UNKNOWN NAMED CAPTAIN of SECURITY</u> liable to Plaintiff Ortega for vioalitons to Plaintiff's Eighth Amendment right in the PUNITIVE and COMPENSATORY amounts to be determined by a JURY.

    **D.** On CLAIMS pled in <u>COUNT V</u>, paragraphs 66 & 67, the Court find the <u>Individual-Defendants' HUFFORD, CASTANEDA, BRANDT,</u> <u>WEBB, BOYER and UNKNOWN NAMED CAPTAIN of SECURITY</u> liable to Plainitff Ortega for Conspiracy to Violate Plaintiff's Eighth Amendment right in the PUNITIVE and COMPENSATORY amounts to be determined by a JURY.

    **E.** On CLAIMS pled in COUNT VI, paragraphs 68-72, the Court find the <u>Individual-Defendants' HUFFORD, CASTANEDA, BRANDT and</u> <u>UNKNOWN NAMED CAPTAIN of SECURITY</u> liable to Plaintiff Ortega for Failure to Prevent Conspiracy to Violate Plaintiff's First Amendment Constitutional right in the PUNITIVE and COMPENSATORY amounts to be determined by a JURY.

    **F.** On CLAIMS pled in COUNT VII, paragraph 73, the Court find the <u>Individual-Defendants' HUFFORD, CASTANEDA, BRANDT and UNKNOWN</u> <u>NAMED CAPTAIN of SECURITY</u> liable to Plaintiff Ortega for Failure to Prevent Conspiracy to Violate Plaintiff's Eighth Amendment Constitutional right in the PUNITIVE and COMPENSATORY amounts to be determined by a JURY.

### VERIFIED COMPLAINT

The foregoing statements of facts and claims brought in this suit are true and correct to the best of Plaintiff Ortega's knowledge, information and belief under the penalty of perjury pursuant the United States Code title 28 §1746 this _____27th_____ Day, March 2013.


_Victor Ortega_
Plaintiff Victor Ortega, Pro Se
Federal Prisoner #60706-066



Most Respectfully Submitted To This Honorable Court This _____27th_____ Day, March 2013.



_Victor Ortega_
Plaintitff Victor Ortega, Pro Se
Federal Prisoner #660706-066

## CERTIFICATE OF SERVICE

I, <u>DAVID SHARPE MARSHALL</u>, certify on this <u>27</u>

day of <u>MARCH</u>, 2013, that I sent first class postage

prepaid, or other delivery charges prepaid, by depositing said

documents herein-listed, pursuant to <u>Houston v. Lack</u>, 487 U.S.

266, 270-271, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding

that a pro se prisoner's filing was deemed filed on the date

of delivery to prison authorities for filing with the district

court), mailing copies of the foregoing:

VERIFIED COMPLAINT FOR DAMAGES PURSUANT UNITED STATES
TORT CLAIMS ACT AND BIVENS v. SIX UNKNOWN NAMED FEDERAL
NARCOTICS AGENTS.


to the following individuals and/or entities:

UNITED STATES FEDERAL COURTHOUSE
HARRISBURG 1
FEDERAL BUILDING
P.O. BOX 868
228 WALNUT STREET
HARRISBURG, PA
17108


I certify under penalty of perjury that the foregoing is true

and correct, under 28 U.S.C. §1746 of the United States Code.


Fed. Reg. No. # <u>87789-011</u>
Federal Correctional Institution
at Terminal Island
Post Office Box #3007
San Pedro, California 90731-0702

DAVID SHARPE MARSHALL
FCI TERMINAL ISLAND
POB 3007
SAN PEDRO, CA   90731+0207
LEGAL MAIL

7012 0470 0001 5715 4723

RECEIVED
HARRISBURG, PA
APR 05 2013
MARY E. D'ANDREA, CLERK
Per _____

⇦87789-011⇨
Harrisburg Federal Courthouse
228 Walnut
Harrisburg, PA 17108
United States

